**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
          breed@bursor.com

**REICH RADCLIFFE & HOOVER LLP**
Marc G. Reich (State Bar No. 159936)
Adam T. Hoover (State Bar No. 243226)
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Telephone: (949) 975-0512
Facsimile:  (949) 975-0514
E-mail:  mgr@reichradcliffe.com
          adhoover@reichradcliffe.com

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE GALVAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMASHBURGER IP HOLDER LLC, SMASHBURGER FRANCHISING LLC, and JOLLIBEE FOODS CORPORATION,<br><br>Defendants. | Case No.   2:19-cv-00993<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Andre Galvan, by his undersigned attorneys, brings this class action complaint against Smashburger IP Holder LLC, and Smashburger Franchising LLC. (collectively, "Smashburger,"), and Jollibee Foods Corporation, collectively, "Defendants"). Plaintiff's allegations are based upon personal knowledge as to his own acts and upon information and belief as to all other matters.

## NATURE OF ACTION

1.     This is a class action lawsuit on behalf of purchasers of Smashburger's Triple Double, Bacon Triple Double, and Pub Triple Double burgers (collectively, the "Triple Double Burgers").

2.     Smashburger promotes its Triple Double Burgers as containing "Double the Beef." However, contrary to this statement, Triple Double Burgers actually include two patties that are each half the size of the patties of Smashburger's regular-sized Classic Smash™ burgers. Therefore, Triple Double Burgers contain the same amount of beef as Smashburger's regular-sized Classic Smash™ burgers, not "double" the beef.

3.     Smashburger's false and misleading use of its "Double the Beef" taglines (such as "Triple the Cheese, Double the Beef in Every Bite," "Triple the Cheese, Double the Beef, Triple the Options," and "Classic Smash™ Beef Build with triple the cheese & double beef in every bite") are thus likely to confuse and mislead the consuming public by causing consumers to believe incorrectly that Smashburger's products sold under these slogans include twice the beef of Smashburger's regular-sized Classic Smash™ burgers, which they do not.

4.     Plaintiff saw, read, and relied on Defendants' false and misleading representations that Smashburger's Triple Double Burgers contained twice the beef, when in fact they did not. Plaintiff brings this class action on behalf of himself and other purchasers of Triple Double Burgers and assert claims against Defendants for violations of the California's Consumers Legal Remedies Act, California's False

Advertising Law, California's Unfair Competition Law, fraud, breach of express warranty, and unjust enrichment.

## **FACTUAL BACKGROUND**

5.      Smashburger is a worldwide fast-casual hamburger restaurant chain with more than 370 corporate and franchise-owned restaurants in 37 states and 9 countries.  The chain offers unique burgers in each city where its restaurants are located, but serves its Triple Double Burgers, which purportedly include "triple the cheese & double the beef in every bite" at all locations.[1]

6.      All Triple Double Burgers include three slices of cheese and two beef patties.

7.      In a press release dated July 11, 2017 concerning the addition of Triple Double Burgers to Smashburger's national menu, Smashburger quoted its Co-Founder and Chief Executive Tom Ryan as stating that the Triple Double Burger contains "'[d]ouble the juicy, caramelized beef,'" that it "provide[s] three times the cheese and double the beef in every bite," and that it is "Smashburger's beefiest […] burger to date."  A true and correct copy of Smashburger's July, 11, 2017 press release is attached hereto as **Exhibit A**.

8.      Smashburger has used its "Double the Beef" tagline in multiple variations to advertise and sell its TRIPLE DOUBLE Burgers, including "Triple the Cheese, Double the Beef in Every Bite," "Triple the Cheese, Double the Beef, Triple the Options," and "Classic Smash Beef Build with triple the cheese & double beef in every bite." Smashburger has used such taglines in, *inter alia*, menus and displays at its restaurants.

//

//

//

---

[1] *See* https://smashburger.com/menu/ (last visited February 8, 2019).

9.     Smashburger has advertised, and currently continues to advertise, Triple Double Burgers on the homepage of its website as "Triple the Cheese, Double the Beef, Triple the Options."  *See* http://smashburger.com/.





10.     Smashburger has advertised and currently continues to advertise Triple Double Burgers through its social media accounts as containing "Double the Beef."

11.     Smashburger also used its "Double the Beef" tagline in television advertisements for its Triple Double Burger, stating that the Triple Double Burger contains "Double the Beef in Every Bite" and has "2x Fresh Never-Frozen Beef." *See* https://vimeo.com/225485077; https://vimeo.com/224690849.

12.     In one such television advertisement, an actor says that the Triple Double Burger is the "meatiest thing I've ever eaten," while another holds up a Triple Double burger and says, "this is a lot of meat."

13.     While Smashburger has advertised, and continues to advertise Triple Double Burgers as containing "Double the Beef," Triple Double Burgers actually consist of two patties that together contain the same amount of beef as the single patty in Smashburger's regular-sized burgers, such as Smashburger's Classic Smash™.

14.     Smashburger's "Double the Beef" taglines are likely to influence, and actually did influence, the purchasing decisions of consumers.



15.     Smashburger's "Double the Beef" taglines actually deceived and had the tendency to deceive a substantial segment of Smashburger's customers into thinking that Triple Double Burgers contain twice the amount of beef as Smashburger's regular-sized burgers.

16.     Smashburger knew or should have known that its "Double the Beef" taglines were false and misleading, yet it adopted and continued to use those taglines.

## THE PARTIES

17.     Defendants **Smashburger IP Holder LLC** and **Smashburger Franchising LLC** are both Delaware limited liability companies, each having a principal place of business at 3900 East Mexico Avenue, Suite 1200, Denver, Colorado 80210.  Defendants Smashburger IP Holder LLC and Smashburger Franchising LLC operate and franchise a chain of fast casual restaurants specializing in hamburger and cheeseburger sandwiches and other products and services.

18.     Defendant **Jollibee Foods Corporation** is the parent company of Smashburger IP Holder LLC and Smashburger Franchising LLC.  Jollibee Foods Corporation is a multinational company that owns multiple restaurant chains.

19.     Plaintiff **Andre Galvan** is a California Citizen residing in Agoura Hills, California.  Mr. Galvan purchased approximately 10 Triple Double Burgers over the last two years.  Before purchasing Triple Double Burgers, Mr. Galvan saw, read, and relied on the representation made on Smashburger's menu and advertising materials that the burger in fact contained "Double the Beef" as Smashburger's regular Classic Smash™ burger.  Mr. Galvan would not have purchased Triple Double Burgers had he known they did not contain "double" the beef compared to Smashburger's regular Classic Smash™ burger.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A).  There are more than 100 Class Members, and the aggregate claims

of all members of the proposed Class exceed $5,000,000.00, exclusive of interest and costs.  At least one Class Member is a citizen of a state different than at least one defendant.

21.    This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

22.    This Court has personal jurisdiction over Smashburger IP Holder LLC, and Smashburger Franchising LLC because each conducts substantial business within California and operates restaurants throughout the Central District of California, including Orange County.

23.    This Court has personal jurisdiction over Jollibee Foods Corporation because it is registered to do business and does do business in the state of California.

24.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants transact significant business within this District and because Plaintiff Galvan purchased Smashburger's Triple Double Burgers in this District.

## CLASS ACTION ALLEGATIONS

25.    Plaintiff Galvan seeks to represent a class defined as all persons in the United States who purchased Smashburger's Triple Double Burgers at any time from February 8, 2015 to the present (the "National Class").  Excluded from the Class are governmental entities, Defendants, Defendants' affiliates, parents, subsidiaries, employees, officers, directors, and co-conspirators, and anyone who purchased Smashburger's Triple Double Burgers for resale.  Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff.

26.    Plaintiff also seeks to represent a subclass defined as all members of the Class who purchased Smashburger's Triple Double Burgers within the state of California (the "California Subclass") at any time from February 8, 2015 to the present.

27.     Members of the Class and the California Subclass are so numerous that their individual joinder herein is impracticable.  The precise number of Class Members and their identities are unknown to Plaintiff at this time but will be determined through discovery of Defendants' records.  Class Members may be notified of the pendency of this action by mail, email, and/or publication.

28.     This suit seeks damages and equitable relief for recovery of economic injury on behalf of the Class and California Subclass.  Plaintiff reserves the right to modify or expand the definition of the Class and Subclass to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29.     Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.  These common legal and factual questions include, but are not limited to:

30.     Whether the marketing and advertisements for the Triple Double Burgers included false and/or misleading statements;

31.     Whether Defendants' conduct violated the CLRA;

     (a)     Whether Defendants' conduct violated the FAL;

     (b)     Whether Defendants' conduct violated the UCL;

     (c)     Whether Defendants were unjustly enriched;

     (d)     Whether Defendants' conduct was fraudulent; and

     (e)     Whether Defendants' conduct breached express warranties.

32.     Plaintiff's claims are typical of the claims of the proposed Class and of the California Subclass he seeks to represent.  Each Class Member was subjected to the same illegal conduct, was harmed in the same way and has claims for relief under the same legal theories.

33.     Plaintiff Galvan is an adequate representative of the Class and of the California Subclass he seeks to represent because his interests do not conflict with

the interests of the Class Members he seeks to represent, he has retained counsel competent and experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class and Subclass Members will be fairly and adequately protected by Plaintiff and his counsel.

34.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.  Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of a defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### Express Warranty

35.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

36.     Plaintiff brings this Count individually and on behalf of the members of the Class and Subclass.

37.     In connection with the sale of Triple Double Burgers, Defendants expressly warranted that Triple Double Burgers contained "Double the Beef."

38.     Defendants' affirmations of fact and promises made to Plaintiff and the Class on Defendants' menus and other advertising and marketing materials became

part of the basis of the bargain between Defendants on the one hand, and Plaintiff and the Class Members on the other, thereby creating express warranties that Triple Double Burgers would conform to Defendants' affirmations of fact, representations, promises, and descriptions.

39.     Defendants breached their express warranties because Triple Double Burgers do not in fact contain "double" the beef.  In short, Triple Double Burgers do not contain the quantity expressly warranted.

40.     Plaintiff and the Class Members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased Triple Double Burgers if they had known the true facts; (b) they paid for Triple Double Burgers due to the mislabeling; and (c) Triple Double Burgers did not have the quantity or value as promised.  As a result, Plaintiff and the Class have been damaged.

## <u>COUNT II</u>

**Violation on California's Consumers Legal Remedies Act ("CLRA"),**

**California Civil Code § 1750, *et seq.***

**(Injunctive Relief Only)**

41.     Plaintiff Galvan incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

42.     Plaintiff Galvan brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendants.

43.     Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  Civil Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

Civil Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

44.     Defendants violated Civil Code § 1770(a)(5), (a)(7), and (a)(9) by making false, and misleading statements by holding out Smashburger's Triple Double Burgers as containing "Double the Beef," when in fact they did not. Specifically, Defendants controlled statements on the packaging and the marketing of Smashburger's Triple Double burgers as well as disseminated these statements in media advertisements and in Smashburger restaurants.

45.     Plaintiff and the members of the California Subclass have suffered harm as a result of these violations of the CLRA because they have incurred charges and/or paid monies for Smashburger's Triple Double Burgers that they otherwise would not have incurred or paid.

46.     On February 8, 2019, prior to the filing of this Complaint, a CLRA notice letter was sent to Defendants that complies in all respects with California Civil Code §1782(a).  Plaintiff's counsel sent Defendants the letters via certified mail, return receipt requested, advising Defendants that they are in violation of the CLRA and demanding that they cease and desist from such violations and make full restitution by refunding the monies received therefrom.  A true and correct copy of Plaintiff's CLRA letter is attached hereto as **Exhibit B**.

<u>**COUNT III**</u>

**Unlawful Business Practices In Violation of California's Unfair Competition Law ("UCL")**

**Business & Professions Code §§ 17200** *et seq.*

47.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

48.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass.

49.     Defendants violated the unlawful prong of the UCL by violating Civil Code § 1770(a)(5) and Business & Professions Code § 17500 as described above.

50.     Defendants' misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that Defendants' conduct is substantially injurious to consumers and offends public policy.

51.     Plaintiff and the members of the Class and California Subclass have suffered harm as a result of the violations of the UCL because they have incurred charges and/or paid monies for Triple Double Burgers they otherwise would not have incurred or paid.

## COUNT IV

**Unlawful Practices In Violation of California's False Advertising Law**
**Business & Professions Code §§ 17500 *et seq.***

52.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

53.     Plaintiff Galvan brings this claim individually and on behalf of the members of the proposed Class against Defendants and on behalf of the California Subclass against Defendants.

54.     California's FAL (Bus. & Prof. Code §§17500, *et seq.*) makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

55.     Throughout the Class Period, Defendants committed acts of false advertising, as defined by the FAL, by using false and misleading statements to

promote the sale of Triple Double Burgers, as described above, and including, but not limited to, representing that Triple Double Burgers contain "Double the Beef."

56.     Defendants knew or should have known, through the exercise of reasonable care, that their statements were untrue and misleading.

57.     Defendants' actions in violation of the FAL were false and misleading such that the general public is and was likely to be deceived.

58.     As a direct and proximate result of these acts, consumers have been and are being harmed.  Plaintiff and members of the Class have suffered injury and actual out-of-pocket losses as a result of Defendant's FAL violation because: (a) Plaintiff and the Class would not have purchased Triple Double Burgers if they had known the true facts regarding the quantity of beef; (b) Plaintiff and the Class paid an increased price due to the misrepresentations about Triple Double Burgers; and (c) Triple Double Burgers did not have the promised quantity or value.

59.     Plaintiff brings this action pursuant to Bus. & Prof. Code § 17535 for injunctive relief to enjoin the practices described herein and to require Defendants to issue corrective disclosures to consumers.  Plaintiff and the Class are therefore entitled to: (a) an order requiring Defendants to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendants as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure §1021.5.

### COUNT V

### Fraud

60.     Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

61.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendants.

62.     As discussed above, Defendants provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about Triple Double Burgers, including but not limited to the fact that Triple Double Burgers do not contain "double" the beef.

63.     The misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Triple Double Burgers.

64.     The fraudulent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VI

### Unjust Enrichment

65.     Plaintiff incorporates by reference and re-allege herein all paragraphs alleged above.

66.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendants.

67.     Plaintiff and Class members conferred benefits on Defendants by purchasing the Triple Double Burgers.

68.     Defendants hve been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of Triple Double Burgers. Retention of those moneys under these circumstances is unjust and inequitable because Defendant misrepresented that Triple Double Burgers contained "Double the Beef." These misrepresentations caused injuries to Plaintiff and Class members because they would not have purchased Triple Double Burgers if the true facts were known.

69.     Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendants must

1  pay restitution to Plaintiff and Class members for its unjust enrichment, as ordered

2  by the Court.

3  **PRAYER FOR RELIEF**

4  WHEREFORE, Plaintiff, individually and on behalf of all others similarly

5  situated, seek judgment against Defendants, as follows:

6      a.    For an order certifying the nationwide Class and the Subclass under

7          Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as

8          representative of the Class and Subclasses and Plaintiff's attorneys as

9          Class Counsel to represent the members of the Class and Subclass;

10     b.    For an order declaring the Defendants' conduct violates the statutes

11         referenced herein;

12     c.    For an order finding in favor of Plaintiff, the nationwide Class, and the

13         Subclass on all counts asserted herein;

14     d.    For compensatory and punitive damages in amounts to be determined

15         by the Court and/or jury;

16     e.    For prejudgment interest on all amounts awarded;

17     f.    For an order of restitution and all other forms of equitable monetary

18         relief;

19     g.    For an order requiring Defendants to undertake a corrective advertising

20         campaign;

21     h.    For injunctive relief as pleaded or as the Court may deem proper;

22     i.    For an order awarding Plaintiff and the Class and Subclass their

23         reasonable attorneys' fees and expenses and costs of suit; and

24     j.    Granting such other and further relief as may be just and proper.

25 **DEMAND FOR TRIAL BY JURY**

26 Plaintiff demands a trial by jury of all issues so triable.

27

28

Dated: February 8, 2019

**BURSOR & FISHER, P.A.**

By: _____*/s/ Blair E. Reed*_____

L Timothy Fisher (State Bar No. 191626)
Blair E. Reed (State Bar No.316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
       breed@bursor.com

**REICH RADCLIFFE & HOOVER LLP**
Marc G. Reich (State Bar No. 159936)
Adam T. Hoover (State Bar No. 243226)
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Telephone: (949) 975-0512
Facsimile:  (949) 975-0514
E-mail:  mgr@reichradcliffe.com
      adhoover@reichradcliffe.com

*Attorneys for Plaintiff*

**<u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>**

I, Blair E. Reed, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court.  I am an Associate at Bursor & Fisher, P.A., counsel of record for Plaintiff Andre Galvan in this action.  Plaintiff Andre Galvan resides in Agoura Hills, California.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Central District of California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Walnut Creek, California this 8th day of February, 2019.


                                        */s/ Blair E. Reed*
                                        _____
                                              Blair E. Reed

**EXHIBIT A**

# Smashburger Launches "Triple Double" Burger

NEWS PROVIDED BY
**Smashburger** →
Jul 11, 2017, 09:00 ET

DENVER, July 11, 2017 /PRNewswire/ -- It's the stuff burger dreams are made of ... two layers of juicy beef, three layers of melted cheese, wrapped up in an artisan bun. Smashburger is making dreams come true, adding the all-new Triple Double to its national menu on July 11, 2017.



SMASHBURGER LAUNCHES "TRIPLE DOUBLE" BURGER It's the stuff burger dreams are made of ... two layers of juicy beef, three layers of melted cheese, wrapped up in an artisan bun. Smashburger is making dreams come true, adding the all-new Triple Double to its national menu on July 11, 2017.

The Triple Double will feature two of Smashburger's famous fresh never frozen beef patties, two slices of American cheese and one slice of aged cheddar, delivering maximum burger happiness in every bite. It's Smashburger's beefiest, cheesiest burger to date and will quickly become a favorite for burger lovers everywhere.

"We're giving people more of what they love. Double the juicy, caramelized beef, made-to-order and seared to perfection. And triple the cheesy goodness," said Smashburger Co-Founder & Chief Executive Officer, Tom Ryan. "This will be Smashburger's new iconic menu item, providing three times the cheese and double the beef in every bite."

The Triple Double starts with fresh, never frozen, beef. Smashed and seared on a hot, buttered griddle, locking in the flavor and juices. The highest quality cheeses are added and topped with toasted artisan buns. As with any Smashburger, you can add your favorite fresh produce, toppings and high-quality condiments. And it pairs perfectly with their incredible sides and hand-spun shakes.

The Triple Double will be available at all Documents U.S. Smashburger locations on July 31, 2017. For more information on Smashburger, please visit www.smashburger.com or check us out on Facebook, Twitter, or Instagram.

**About Smashburger**

Smashburger is a leading fast casual better burger restaurant known for its fresh never frozen, beef burgers that are smashed on the grill to sear in the juices and seal in the flavor. In addition to burgers, Smashburger offers grilled or crispy chicken sandwiches, black bean burgers, fresh salads, signature side items such as Haystack onions and Veggie Frites, and hand-spun Haagen-Dazs® shakes.  On each market menu, Smashburger offers locally inspired items like the regional burger, as well as regional sides and local craft beer. Smashburger began in 2007 with the vision of Rick Schaden and funding by Consumer Capital Partners—the private equity firm that Rick and his father Richard own. There are currently more than 370 corporate and franchise restaurants operating in 38 states and nine countries. To learn more, visit www.smashburger.com.

SOURCE Smashburger

Related Links

http://www.smashburger.com

**EXHIBIT B**

# BURSOR & FISHER
P.A.

1990 N. CALIFORNIA BLVD.
SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

L. TIMOTHY FISHER
Tel: 925.300.4455
Fax: 925.407.2700
ltfisher@bursor.com

February 8, 2019

*Via Certified Mail - Return Receipt Requested*

Smashburger IP Holder, LLC
3900 E. Mexico Ave., Ste. 1200
Denver CO 80210

Smashburger Franchising, LLC
3900 E. Mexico Ave., Ste. 1200
Denver CO 80210

Jollibee Foods Corp.
16125 East Valley Blvd.
City of Industry, CA 91744

Re:     *Notice Letter Concerning Smashburger's "Triple Double" Burger*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Smashburger IP Holder, LLC, Smashburger Franchising, LLC and Jollibee Foods Corp. (collectively "Smashburger"), on behalf of our client Andre Galvan, and all other similarly situated persons. This letter serves as notice of breaches of warranty pursuant to U.C.C. § 2-607(3)(A), U.C.C. §§ 2-313 & 2-314, and California warranty law. This letter also serves as notice pursuant to the California Consumers Legal Remedies Act, California Civil Code § 1782, as well as the consumer protection statutes of all other states in the United States.

In 2017, Smashburger introduced a new product to its menu: the "Triple Double" burger. Smashburger has advertised the Triple Double burger using the phrase "Double the Beef" on menus, in-store displays, and advertisements as well as on its website and social media accounts. Unfortunately, Smashburger's "Double the Beef" representation is false. Smashburger's regular burger, the "Classic Smash," is made with one 5.0 ounce beef patty. The Triple Double burger, which is advertised as having "Double the Beef," is made with two 2.5 ounce beef patties. Our client Mr. Galvan has purchased the Triple Double burger approximately 10 times in the last two years. He has seen and relied upon the representation that the Triple Double burger contains "Double the Beef." If he had known that the "Double the Beef" representation was false, he would not have purchased the Triple Double burger.

Smashburger's conduct with respect to the promotion and marketing of the Triple Double burger is false and misleading. By falsely representing the amount of beef in the Triple Double

burger, Smashburger has violated and continues to violate the Consumers Legal Remedies Act, Civil Code § 1770, including but not limited to subsections (a)(5), (a)(7) and (a)(9), which prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have, representing that goods or services are of a particular standard, quality or grade, and advertising goods or services with intent not to sell them as advertised.

On behalf of our client and all other purchasers of the Triple Double burger, we hereby demand that Smashburger immediately (1) cease and desist from representing that its Triple Double burger contains "Double the Beef" and (2) make full restitution to all purchasers of the Triple Double burger of all money obtained from sales thereof.

We also demand that Smashburger preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1. All documents concerning the advertising and marketing of the Triple Double burger;

2. All documents concerning the formulation, recipe and/or ingredients of the Triple Double burger and the Classic Smash burger;

3. All documents concerning the pricing and sale of the Triple Double burger and the Classic Smash burger;

5. All communications with customers concerning complaints or comments concerning the Triple Double burger and the "Double the Beef" claim.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter. This letter also serves as a thirty (30) day notice and demand requirement under California Civil Code § 1782 for damages. Accordingly, should Smashburger fail to rectify the situation on a class-wide basis within 30 days of receipt of this letter, we will seek actual damages, plus punitive damages, interest, attorneys' fees and costs.

Please contact me immediately if you wish to discuss an appropriate way to remedy this matter. If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

L. Timothy Fisher