Tina Wolfson, CA Bar No. 174806
*twolfson@ahdootwolfson.com*
Bradley K. King, CA Bar No. 274399
*bking@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiff Barbara Trevino and the Putative Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE GALVAN and LUCINDA LOPEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SMASHBURGER IP HOLDER LLC, SMASHBURGER FRANCHISING LLC, <br><br> Defendants. | Case No. 2:19-cv-00993-JAK-JEM <br><br> **PLAINTIFF BARBARA TREVINO'S NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE IN THE *GALVAN* ACTION; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: June 24, 2019 <br> Time: 8:30 a.m. <br> Courtroom: 10B |
| BARBARA TREVINO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SMASHBURGER IP HOLDER LLC, SMASHBURGER FRANCHISING LLC, and JOLLIBEE FOODS CORPORATION (USA), <br><br> Defendants. | Case No. 2:19-cv-02794-JAK-JEM <br><br> Hon. John A. Kronstadt |

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 24, 2019 at 8:30 a.m., or soon as thereafter as counsel may be heard by the above-captioned Court, located at 350 W. First Street, Los Angeles, CA, in the courtroom of Judge John A. Kronstadt, Plaintiff Barbara Trevino in the related action entitled *Trevino v. Smashburger IP Holder LLC,* No. 2:19-cv-02794-JAK-JEM, will and hereby does move the Court for leave to intervene in the above-captioned action, *Galvan, et al. v. Smashburger IP Holder LLC, et al.,* No. 2:19-cv-00993-JAK-JEM, pursuant to Federal Rule of Civil Procedure 24(a) and (b).

This motion is made on the grounds that Plaintiff Trevino has the right to intervene in this action as she has an interest in the subject of this action and is so situated that disposing of this action may as a practical matter impair or impede her ability to protect her interests.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently-filed Declaration of Bradley K. King ("King Decl."), all other pleadings and records on file in this action, and the presentations of counsel.

The Smashburger Defendants have agreed to waive service and have not yet appeared in *Trevino.* (King Decl. ¶ 5.) In the spirit of Local Rule 7-3, Plaintiff Trevino's counsel met and conferred with the Smashburger Defendants' counsel appearing in *Galvan* on May 8, 2019, who take no position on this motion. (*Id.* ¶ 4.)

Respectfully submitted,

**AHDOOT & WOLFSON, PC**

Dated: May 13, 2019

*/s/ Bradley K. King*
Tina Wolfson
Bradley K. King
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111; Fax: (310) 474-8585

*Counsel for Plaintiff Barbara Trevino and the Putative Class*

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Barbara Trevino, who is Plaintiff in the related action entitled *Trevino v. Smashburger IP Holder LLC, et al.*, No. 2:19-cv-02794-JAK-JEM, has a right to intervene in this Action to protect her interests under Federal Rule of Civil Procedure ("Rule") 24(a) and (b). The above-captioned *Galvan* action was filed on February 8, 2019, and arises out of the same allegedly deceptive conduct by the same Defendants[1] in *Trevino*, which alleges substantially similar allegations as those asserted here regarding Smashburger's false, deceptive, and misleading advertising of its "Triple Double" cheeseburgers.

The *Trevino* action was filed on April 11, 2019. Shortly thereafter, Plaintiff Trevino's counsel contacted the *Galvan* Plaintiffs' counsel, Bursor & Fisher, P.A., to discuss potential coordination of efforts among the Plaintiffs. (King Decl. ¶ 2.) Bursor & Fisher ultimately refused to coordinate, instead filing a motion to consolidate *Galvan* and *Trevino* and appoint Bursor & Fisher as Interim Class Counsel for both actions. (*See* Dkt. 21-1; the "*Galvan* Motion.") Plaintiff Trevino and her counsel, Ahdoot & Wolfson, PC, support consolidation but oppose the appointment of Bursor & Fisher as sole Interim Class Counsel. Consequently, Plaintiff Trevino respectfully seeks leave to intervene and respond to the *Galvan* Motion.

## LEGAL STANDARD

Intervention under Federal Rule of Civil Procedure ("Rule") 24 is designed to help courts efficiently administer legal disputes by resolving all related issues in one lawsuit. *See Reich v. Webb*, 336 F.2d 153, 160 (9th Cir. 1964) (noting that the purpose of Rule 24 is "to prevent the multiplicity of suits where common questions of law or fact are involved"). Rule 24 traditionally has received a liberal construction in favor or applicants for intervention. *Donnelly v. Glickman*, 159 F.2d 405, 409 (9th Cir. 1998) ("In determining whether intervention

---

[1] Like the *Galvan* Plaintiffs, Plaintiff Trevino intends to voluntarily dismiss her claims against Defendant Jollibee Foods Corp. (USA) to the extent a dismissal is still necessary if the cases are consolidated.

is appropriate, we are guided primarily by practical and equitable considerations. We generally interpret the requirements broadly in favor of intervention.").

Rule 24 provides for two types of intervention, (a) intervention as of right and (b) permissive intervention. Under Rule 24(a), a party shall be permitted to intervene either when a federal statute confers an unconditional right to intervene or when the applicant "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Under Rule 24(b), a court may permit a party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(l)(B).

## **ARGUMENT**

### I.   **Plaintiff Trevino Is Entitled to Intervene Pursuant to Rule 24(a).**

Plaintiff Trevino has an interest in the subject of the *Galvan* action and its disposition may impair or impede her ability to protect her own interests. The *Galvan* action seeks relief that is the same or very similar to that Plaintiff Trevino seeks. Plaintiff Trevino also is a member of the proposed class and subclass in *Galvan*. Resolution of *Galvan* also is likely to resolve Plaintiff Trevino's claims against Defendants.

Additionally, not all of Plaintiff Trevino's interests are adequately protected by *Galvan*. Plaintiff Trevino filed her claims shortly after *Galvan* was filed, and after she retained her own counsel, who have conducted significant investigation into the claims asserted in this case and have significant expertise handling consumer class actions of this nature. In the interest of judicial efficiency and in an effort to work cooperatively, Plaintiff Trevino's counsel offered to collaborate with counsel for the *Galvan* Plaintiffs, who have declined and filed their motion to consolidate and seek appointment as sole Interim Class Counsel representing Plaintiff Trevino and the putative class. Plaintiff Trevino's counsel demonstrated a willingness to work cooperatively and efficiently, but the *Galvan* Plaintiffs' counsel's refusal

MOTION FOR LEAVE TO INTERVENE

1    to do so is already wasting resources and time better spent advancing the class's interests,

2    rather than counsel's.

3        Accordingly, Plaintiff Trevino should be afforded the ability to intervene so that her

4    claims are not resolved without the opportunity to choose, and benefit from the efforts of,

5    her own counsel. Plaintiff Trevino is entitled to intervene in this case and the Court should

6    grant her motion under Rule 24(a)(2).

7    **II.     Plaintiff Trevino Also Is Entitled to Intervene Pursuant to Rule 24(b)**

8        Even if Plaintiff Trevino were not entitled to intervene as a matter of right, the Court

9    should permit her to intervene under Rule 24(b). Plaintiff Trevino's claims share common

10   questions of law and fact with those in *Galvan*. The actions' allegations are substantially

11   similar and arise from the same events pertaining to Smashburger's false, deceptive, and

12   misleading advertising of its "Triple Double" cheeseburgers.

13        Permitting Plaintiff Trevino to intervene in this action will not result in any undue

14   delay and will not prejudice any party in any way. Counsel for Plaintiff Trevino can appear at

15   the June 24, 2019 hearing of the *Galvan* Motion and neither case will be delayed by her

16   response to that motion. In fact, Plaintiff Trevino seeks to intervene to ensure that the

17   various actions against Defendants are litigated in the most efficient manner possible.

18                          **<u>CONCLUSION</u>**

19        For the reasons set forth above, Plaintiff Trevino respectfully requests that the Court

20   grant her leave to intervene in the *Galvan* action.

21                      Respectfully submitted,

22                      **AHDOOT & WOLFSON, PC**

23   Dated: May 13, 2019          *<u>/s/ Bradley K. King</u>*

24                      Tina Wolfson

Bradley K. King

25                      10728 Lindbrook Drive

26                      Los Angeles, CA 90024

Tel: (310) 474-9111; Fax: (310) 474-8585

27                      *Counsel for Plaintiff Barbara Trevino and the*

28                      *Putative Class*