Dean J. Zipser (State Bar No. 94680)
dzipser@umbergzipser.com
Mark A. Finkelstein (State Bar No. 173851)
mfinkelstein@umbergzipser.com
Adina W. Stowell (State Bar No. 211719)
astowell@umbergzipser.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA  92614
Telephone: (949) 679-0052
Facsimile:  (949) 679-0461

Attorneys for Defendants SMASHBURGER IP
HOLDER LLC and SMASHBURGER
FRANCHISING LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: SMASHBURGER IP HOLDER LLC, et al.<br><br>ALL CASES | Lead Case No.:<br>2:19-cv-00993-JAK (JEMx)<br><br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Hon. John A. Kronstadt<br>Magistrate:  Hon. John E. McDermott<br><br>Discovery Document: Referred to Magistrate John E. McDermott |

**Good Cause Statement**:

The defendants in this case, Smashburger IP Holder LLC and Smashburger Franchising LLC ("Defendants"), are involved in restaurants that sell, among other things, hamburgers, cheeseburgers, and fries. Plaintiffs have brought a class action lawsuit against Defendants on behalf of purchasers of a hamburger called the "Triple Double." (In this Stipulation, Plaintiffs and Defendants will be collectively referred to as the "Parties.")

The Parties expect that discovery in this case will include Defendants' commercially sensitive information, such as sales figures, expenses, pricing, and marketing plans. Defendants believe they would be harmed if this information was publicly disclosed, because, for example, such information could give their competitors an advantage. The Parties expect that discovery in this case will also include some private or confidential personal information relating to Plaintiffs in which they have a reasonable expectation of privacy. Additionally, this action is likely to involve valuable and confidential research and development, trade secrets, future marketing plans, and information that could potentially give Defendants' competitors a competitive advantage and/or cause Defendants harm.

Thus, and based on the request of the Parties, and good cause being found, the Court ORDERS as follows:

1.      Any party to this litigation or any third party shall have the right to designate as "Confidential Material" and subject to this Order any information, document, or thing, or portion of any document or thing, that (a) contains competitively sensitive technical, marketing, financial, sales, or other confidential business information, (b) contains private or confidential personal information, (c) contains information received in confidence from third parties, or (d) the producing party otherwise believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G) ("Confidential Material"). Any party or third party covered by this Order that produces or discloses any Confidential Material shall

mark it with the following or a substantially similar legend: "CONFIDENTIAL."

2.     Any party to this litigation or any third party shall have the right to designate as "Attorneys' Eyes Only Material" and subject to this Order any information, document, or thing, or portion of any document or thing, that the designating party reasonably believes is among that considered to be most sensitive by the party, including but not limited to research and development, trade secrets, and future marketing plans, and other highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or third party covered by this Order that produces or discloses any Attorneys' Eyes Only Material shall mark the same with the following, or a substantially similar, legend: "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

3.     Any Confidential Material or Attorneys' Eyes Only Material produced in a non-paper medium (e.g., videotape, audiotape, computer disc) may be so designated by labeling the outside of such non-paper medium, as appropriate, with the following, or a substantially similar, legend: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." In the event a receiving party generates any electronic copy, hard copy, transcription, or printout from any such designated non-paper medium, that party, and all persons subject to this Order, must treat each copy as the original was designated and label it in a manner consistent with this Order.

4.     All designations of Confidential Material and Attorneys' Eyes Only Material shall be made in good faith and in accordance with Fed. R. Civ. P. 26(c)(1)(G). The parties will use reasonable care to avoid designating as Confidential Material or Attorneys' Eyes Only Material documents or information that does not need to be designated as such. To the extent possible or reasonably practicable, the designating party must designate for protection only those parts of

material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notice all other parties that it is withdrawing the inapplicable designation.

5.     All Confidential Material and Attorneys' Eyes Only Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, including in any other action by any person or entity, and shall not be disclosed by the receiving party to anyone other than the persons set forth in paragraphs 6 and 7, unless and until the restrictions under this Order are removed either by written agreement of counsel or Court Order.

6.     Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

a.     Outside counsel retained by the parties for this case;

b.     Outside (non-party-affiliated) experts or consultants retained by outside counsel for purposes reasonably related to the scope of an expert's work in this case, provided they have signed an Agreement to be Bound by Protective Order in the form attached hereto as Exhibit A;

c. Secretarial, paralegal, clerical, duplicating and data-processing personnel working under the direct supervision of outside counsel, in-house counsel, outside experts, or outside consultants described in paragraphs 6.a and 6.b;

d.     The Court, court reporters, and court personnel;

e.     Any witness who is shown or examined about any

Confidential Material, if it appears that the witness originated, authored or received a copy of it, was involved in the specific subject matter described therein, or is employed by the party who produced the Confidential Material, or if the producing party consents to such disclosure;

      f.     Vendors retained by or for the parties to assist with respect to pretrial discovery, trial, or hearings, including but not limited to court reporters, litigation support personnel, jury consultants, mock jurors who sign Exhibit A, persons preparing demonstrative and audiovisual aids for use in court, in depositions, or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

      g.     The Parties, and Defendants' related entities, as well as their in-house attorneys, executives, officers, directors, managers, and employees with whom outside counsel of record find it necessary to consult, in the discretion of such counsel and in good faith, in preparing the action for trial or settlement and who have been made aware of this Order and have agreed to abide by its terms; and

      h.     As ordered by the Court or agreed to by the Parties.

7.     Material designated as Attorneys' Eyes Only Material may be disclosed only to the people listed above in paragraphs 6(a)-(f), and (h) unless the producing party consents to such disclosure.

8.     Confidential Material and Attorneys' Eyes Only Material shall be used only by individuals permitted access to it under paragraphs 6 or 7. Confidential Material and Attorneys' Eyes Only Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual until and unless (a) outside counsel for the party asserting confidentiality consents to the disclosure or waives the claim of confidentiality, or (b) the Court orders the disclosure.

9.     With respect to depositions during which there has been a general designation of testimony as Confidential Material or Attorneys' Eyes Only Material, the party or third party designating the testimony as Confidential Material or Attorneys' Eyes Only Material shall have until twenty-one (21) days after receipt of the deposition transcript within which to inform all parties the specific portions of the transcript that are to be designated as Confidential Material or Attorneys' Eyes Only Material, which period may be extended by agreement of the parties. Failure to make a specific designation during this period will be construed as the withdrawing of the general confidentiality designation. During the 21-day period, the entire deposition will be treated pursuant to the general designation, unless otherwise agreed to by the party or third party making the general designation. This paragraph shall not apply if only specific portions of the deposition transcript were designated in the first instance.

10.    Each person who signs the Agreement to be Bound by Protective Order attached hereto as Exhibit A shall be subject to the jurisdiction of this Court for purposes of any proceedings relating to compliance with or violation of this Order.

11.    The recipient of any Confidential Material or Attorneys' Eyes Only Material subject to this Order shall maintain that material in a secure location and exercise at all times due and proper care to ensure the continued confidentiality of the material.

12.    A party shall not be obligated to challenge the propriety of a Confidential Material or Attorneys' Eyes Only Material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto at any time during this litigation. If counsel for a party receiving documents or information in discovery in this case objects to the designation of any of them as Confidential Material or Attorneys' Eyes Only Material, the following procedures shall apply:

a.      Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and state the grounds for objection.  Counsel for the designating party or third party shall respond in writing to the objection within ten (10) days (or such later date as may be agreed to by counsel), and state with particularity the grounds for asserting that the document or information is Confidential Material or Attorneys' Eyes Only Material.  If no timely written response is made to the objection, the challenged designation will be deemed withdrawn.  If the designating party or third party makes a timely response to such objection asserting the propriety of the designation, and the objecting party wishes to maintain its objection, the parties shall then follow Local Rule 37-1, or any alternate discovery resolution procedures put in place by the Court, to resolve the dispute.  The designating party shall bear the burden of initiating the procedure under Local Rule 37-1 and shall bear the burden of persuasion in any such proceeding.  If the designating party does not initiate the procedure under Local Rule 37-1 within 21 days after the response to the objection, the challenged designation will be deemed withdrawn.  Pending resolution of the dispute, the document or information that is the subject of the filing shall be treated as originally designated.

13.      Documents containing Confidential Material or Attorneys' Eyes Only Material shall not be filed with the Court except as necessary.  Any such filings will be made in good faith and not solely for an improper purpose such as harming, harassing or embarrassing another party.  All requests to seal documents filed with the Court shall comply with Local Rule 79-5.1 and the Court's procedures.

14.      If the need arises during a hearing to disclose publicly Confidential Material or Attorneys' Eyes Only Material, the party seeking to make such disclosure shall attempt to provide the other party prior notice, if feasible, to discuss how best to handle the disclosure.

15.     This Order does not govern trial.  Prior to the trial, the parties shall meet and confer to discuss how to handle Confidential Material and Attorneys' Eyes Only Material, and may seek additional relief from the Court.

16.     The inadvertent disclosure of Confidential Material or Attorneys' Eyes Only Material, regardless of whether it was so designated at the time of disclosure, shall not be deemed a waiver of confidentiality, either as to the specific material disclosed or as to any other material or information concerning the same or related subject matter.  The inadvertent disclosure may be rectified by written notification, to counsel for all parties to whom the material was disclosed and within a reasonable time after disclosure, that the material should have been designated as Confidential Material or Attorneys' Eyes Only Material.  The written notification shall constitute a designation of the material as Confidential Material or Attorneys' Eyes Only Material under this Order.

17.     When the inadvertent disclosure of any information, document or thing subject to attorney-client, another privilege, or work-product immunity, is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Fed. R. Civ. P. 26(b)(5)(B).  When the receiving party discovers what appears to be the inadvertent disclosure by the producing party of any information, document or thing subject to attorney-client, another privilege, or work-product immunity, the receiving party shall bring such disclosure to the attention of the producing party.  Any inadvertent disclosure of any information, document or thing subject to attorney-client, another privilege, or work-product immunity shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  Nothing herein, however, herein restricts the right of the receiving party to challenge the producing party's claim of privilege with the Court.

18.     In the event any receiving party having possession, custody or control of any Confidential Material or Attorneys' Eyes Only Material receives a subpoena,

request for production of documents, or other process or order (the "Request") to produce such material in another, unrelated legal proceeding, the receiving party shall (1) give notice of the Request to counsel for the disclosing party or third party that designated the material as Confidential Material or Attorneys' Eyes Only Material, (2) provide a copy of the Request to counsel for the disclosing party or third party, and (3) cooperate in all reasonable efforts of the disclosing party or third party to oppose production of the material sought by the Request. The disclosing party or third party making the designation as Confidential Material or Attorneys' Eyes Only Material shall have the burden of defending against the Request. The party receiving the Request shall be entitled to comply with it except to the extent the disclosing party or third party making the Confidential Material or Attorneys' Eyes Only Material designation obtains an order modifying or quashing the Request.

19.     The parties agree that they do not need to place on a privilege log any document covered by the attorney-client privilege, and/or the attorney work product doctrine, so long as the document (a) was prepared by outside counsel for a Party and was not disclosed to any third party, (b) constitutes a communication between a Party and its outside counsel or its in-house counsel and was not disclosed to any third party, or (c) constitutes a communication between a Party's outside or in-house counsel and an expert or consultant retained for this litigation.

20.     Nothing in this Order shall preclude any parties, third parties or their attorneys from disclosing or using any material or documents from the party's or third party's own files which the party or third party itself has designated as Confidential Material or Attorneys' Eyes Only Material. No information that is in the public domain, or which is already rightfully known by the receiving party, shall be subject to this Order.

21.     This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permissible ground. This Order is

being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

22.    This Order shall survive the termination of this action and shall remain in full force and effect unless modified by Court Order or the written stipulation of the parties filed with the Court.

23.    Within sixty (60) days of the termination of litigation between the parties, including conclusion of all appeals and the expiration of time to appeal or seek further review, each party or other person or entity subject to the terms hereof shall, if the producing party or third party so requests, (a) assemble and return to the producing party or third party or destroy all original and unmarked copies of documents and things containing Confidential Material and Attorneys' Eyes Only Material, and (b) destroy all copies of Confidential Material and Attorneys' Eyes Only Material that contain or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Material and Attorneys' Eyes Only Material; provided, however, that outside counsel may retain one copy of all transcripts and pleadings, and any exhibits thereto, as well as electronic copies, subject to the provisions of this Order.

Good cause being found, IT IS SO ORDERED.

Dated:  November 12, 2019

John E. McDermott
Hon. John E. McDermott
United States District Court

In Re: SMASHBURGER IP HOLDER LLC, et al.

ALL CASES

Lead Case No.:
2:19-cv-00993-JAK (JEMx)

Hon. John A. Kronstadt

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

2.  My present employer is _____ _____.

3.  My present occupation or job description is _____ _____.

4.  I have carefully read and understood the provisions of the Protective Order the Court has entered in this case, and I will comply with all of its provisions.

5.  I will hold in confidence and not disclose to anyone not authorized by the Protective Order any Confidential Material or Attorneys' Eyes Only Material disclosed to me, or any summaries, abstracts, indices, descriptions, discussions, or other documents or communications containing or describing Confidential Material or Attorneys' Eyes Only Material disclosed to me.

6.  I will limit use of Confidential Material and Attorneys' Eyes Only Material disclosed to me solely for purposes of this case.

7.    I agree to subject myself to the jurisdiction of this Court for the purpose of any proceedings relating to compliance with or violation of the Protective Order.

8.    Within sixty (60) days of the final conclusion of the case, I will return all Confidential Material and Attorneys' Eyes Only Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to outside counsel for the party who disclosed the Confidential Material or Attorneys' Eyes Only Material to me.

I declare under penalty of perjury that the foregoing is true and correct.

IT IS SO ORDERED.

Dated: _____          _____

[Name]