1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11  In Re: Smashburger IP Holder LLC, et al.    |   No. 2:19-CV-00993-JAK (JEMx)
12                                              |   **JUDGMENT**
13  ALL CASES                                   |   **JS-6**
14

**JUDGMENT IS HEREBY ENTERED** as follows:

1. The Settlement of *In Re: Smashburger IP Holder, LLC, et al*, Lead Case No. 2:19-CV-00993-JAK-(JEMx), pending in the United States District Court, Central District of California (the "Action"), on the terms set forth in the Parties' Stipulation of Class Action Settlement, with exhibits (collectively, the "Agreement"), and definitions included therein, signed and filed with this Court on March 1, 2021, is finally approved. For purposes of this Judgment, the Court adopts and incorporates the definitions contained in the Agreement.

2. The following class is granted final certification, for settlement purposes only, under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3): all persons in the United States and United States Territories who purchased and/or consumed one or more of the Subject Products during the Class Period. Specifically excluded from the Class are: (a) Defendants and their employees, principals, officers, directors, agents, affiliated entities, legal representatives, successors, and assigns; (b) the judges to whom the Action has been or is assigned and any members of their immediate families; (c) those who purchased the Subject Products for the purpose of resale; and (d) all persons who have filed a timely Request for Exclusion from the Class. The "Class Period" is from July 1, 2017 up to and including May 31, 2019. The "Subject Products" are all hamburgers sold under the Smashburger brand during the Class Period that included the phrase "Triple Double," including but not limited to the Triple Double, Bacon Triple Double, French Onion Triple Double, and Pub Triple Double.

3. The dissemination of the Class Notice in accordance with the terms of the Agreement and this Court's Preliminary Approval Order, as described in the Settlement Administrator's Declaration filed before the Fairness Hearing: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the terms

of the Settlement, and their rights under the Settlement, including, but not limited to, their right to object to any aspect of the proposed Settlement or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing, and the binding effect of the Final Orders and this Final Judgment on all persons and entities who did not request exclusion from the Class; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the United States Constitution (including the Due Process Clause), and the Rules of this Court, as well as complied with the Federal Judicial Center's illustrative class action notices.

4. The claims in the Action are dismissed on the merits and with prejudice pursuant to the terms (including the Release) set forth in the Parties' Agreement and in the Court's Order Re Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorneys' Fees and Costs and Enhancement Awards (ECF No. 85), without costs to any party except as provided in these Final Orders.

5. Plaintiffs and Class Members and/or their representatives, and all persons acting on behalf of, or in concert or participation with, Plaintiff or Class Members (including but not limited to the Releasing Parties), who have not been timely excluded from the Class are hereby permanently barred and enjoined from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; and (b) bringing an individual action or class action on behalf of Plaintiff or Class Members seeking to certify a class that includes Plaintiff or Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit

based upon or asserting any of the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

6. Plaintiffs' Lead Counsel and Class Counsel shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Agreement and pursuant to the Orders of the Court.

7. The Court retains continuing jurisdiction over the parties and the Action for the reasons and purposes set forth in this Final Judgment, the Final Order Approving Class Action Settlement, and the Final Order Approving Attorney's Fees and Expenses and Incentive Awards. Without in any way affecting the finality of these Final Orders and/or this Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Agreement and of these Final Orders and this Final Judgment, and for any other necessary purpose.

Dated: October 10, 2023

_____
John A. Kronstadt
United States District Judge